UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES H. BRADY,

                Plaintiff,

      -against-

JANET M. DiFIORE; MICHAEL J. GARCIA,

                Defendants.

19-CV-4380 (ER)

ORDER OF DISMISSAL

EDGARDO RAMOS, United States District Judge:

    In a Memorandum Decision and Order dated February 3, 2017, District Judge George B. Daniels of this Court enjoined Plaintiff from:

> filing new actions in the Southern District of New York that relate in any way to [a] cooperative's air rights appurtenant to [Plaintiff's] cooperative unit at 450 West 31st Street, New York, New York, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. This injunction should be broadly construed to bar the filing without leave of this Court of *any* case, against *any* defendant that has as a factual predicate the cooperative's air rights appurtenant to Plaintiff's penthouse unit, or *any* of the collateral actions that have arisen from it.

*Brady v. Goldman*, No. 16-CV-2287 (GBD) (SN), 2017 WL 496083, at *2 (S.D.N.Y. Feb. 3, 2017) (emphasis in original), *aff'd*, 714 F App'x 63 (2d Cir. 2018) (summary order), *cert. denied*, 139 S.Ct. 329 (2018).

    Plaintiff, who resides in Wyckoff, New Jersey, and appears *pro se*, has initiated the present action by filing a 732-page complaint.[1] He names as defendants Chief Judge Janet M. DiFiore and Associate Judge Michael J. Garcia of the New York Court of Appeals. His claims against them include claims under 42 U.S.C. §§ 1983 and 1985, the Racketeer Influenced and Corrupt Organizations Act, and claims under state law. They arise from DiFiore's and Garcia's alleged actions and failures to act – before and after the defendants' respective confirmations to

---

[1] The Court notes that Plaintiff has paid the relevant fees to bring the present action.

the bench of the New York Court of Appeals – with respect to state-court decisions involving the air rights appurtenant to Plaintiff's former cooperative unit at 450 West 31st Street, New York, New York.[2]

This action therefore squarely falls among those types of actions that Judge Daniels, in *Brady*, No. 16-CV-2287 (GBD) (SN), specifically enjoined Plaintiff from filing without obtaining the Court's leave. Plaintiff has failed to seek leave from the Court to file this action. To the extent that the Court can construe Plaintiff's complaint as requesting leave to file, the Court denies that request. Accordingly, the Court dismisses this action without prejudice.

The Court warns Plaintiff that if he continues to disregard the filing injunction in *Brady*, No. 16-CV-2287 (GBD) (SN), the Court may impose additional sanctions on him, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 22, 2019
        New York, New York

                                              _____
                                                     EDGARDO RAMOS
                                                United States District Judge

---

[2] Plaintiff has attached to his complaint copies of checks from businesses' checking accounts; they list complete routing numbers and financial-account numbers. (ECF No. 1, at 1-1, 1-7.) Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, any references to a financial-account number in a court submission must be redacted to show only the last four digits of the financial-account number. A litigant who, in his court submissions, reveals his own personal information that is restricted by Rule 5.2 waives that rule's protections. *See* Fed. R. Civ. P. 5.2(h). Because Plaintiff reveals financial-account numbers for accounts that do not appear to be his own personal accounts, the Court has directed the Clerk of Court to restrict electronic docket access to those sections of his complaint that reveal that information. (ECF No. 1, at 1-1, 1-7.)